# United States District Court
## STATE AND DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL COMPLAINT** <br> Case Number: |
| V. | MJ-10-549 JJK |
| ALEC JAMES TAFOLLA | |

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

On or about October 6, 2010, in Winona County, in the State and District of Minnesota, defendant, Alec James Tafolla, knowingly received a visual depiction that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, where the production of such image involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct, that is, the defendant received through his Apple iPhone cellular telephone and by computer an image of a female child under the age of 7 years displaying her genitalia

in violation of Title 18, United States Code, Section 2252(a)(2).

I further state that I am a Special Agent with the FBI and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

_____
Signature of Complainant
Richard Holden
FBI

Sworn to before me, and subscribed in my presence,

12/15/10      at      St. Paul, MN
Date      City and State

The Honorable Jeffrey J. Keyes
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer      Signature of Judicial Officer

SCANNED
DEC 1 5 2010
U.S. DISTRICT COURT ST. PAUL

STATE OF MINNESOTA          )
                            )  ss.    AFFIDAVIT OF RICHARD T. HOLDEN
COUNTY OF RAMSEY            )

Richard T. Holden, being duly sworn, deposes and states as follows:

1. Your Affiant has been a federal law enforcement officer for approximately thirteen years. I am currently employed as a Special Agent with the Federal Bureau of Investigation ("FBI"). I am assigned to the Rochester Resident Agency of the Minneapolis, Minnesota, Division of the FBI. I have received specialized training in the investigation of various criminal offenses involving computers, computer networks, and the Internet. I have assisted the Cyber Crime Task Force in investigations that involve the sexual exploitation of children. While employed by the FBI, I have participated in numerous investigations in which I have collected evidence in an electronic form and which have resulted in the arrest of individuals involved in the production, distribution, receipt and possession of child pornography.

2. This Affidavit is based on your Affiant's training, experience, personal knowledge, discussions with other law enforcement officers and agents directly involved in this investigation, and my review of official reports and documents related to this investigation.

3. This Affidavit is made for the purpose of establishing probable cause in support of a federal arrest warrant, and therefore contains only a summary of relevant facts. Based upon

all the facts and information set forth in this Affidavit, your Affiant believes that probable cause exists to believe that, on or about October 6, 2010, in Winona County, Minnesota, in the State and District of Minnesota, Alec James Tafolla received a visual depiction that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, where the production of such image involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct, in violation of Title 18, United States Code, Section 2252(a)(2).

4. On October 6, 2010, an officer with the Winona Police Department was contacted by Winona, Minnesota resident, Alan Light. Light said that approximately three years earlier he had developed a relationship with a woman, Donna Mary Zauner, on the Internet. Zauner had been living in Las Vegas and, more recently, New York with her two juvenile daughters, then ages six and two. In late August or early September 2010, Zauner agreed to relocate with her two daughters to Winona to live at Light's residence.

5. Zauner and her daughters arrived at Light's residence on September 9, 2010. However, after several weeks, the relationship between Zauner and Light became strained and Zauner and her daughters decided to move out.

6. On October 6, 2010, when Light returned to his residence, Zauner and her daughters were gone. They did not leave any contact

information. Light checked his computer history in an attempt to find information concerning Zauner's whereabouts. On his computer, an Apple Macintosh G4 computer, Light found a new, unsecured Google Gmail (email) account that he did not recognize as his or Zauner's. The email address was listed as ajtafolla@gmail.com. Light was able to access the sent emails and opened an email dated September 21, 2010. The email was sent from an Apple iPhone cellular telephone. The email contained a photograph of Zauner's then-six-year-old daughter. The image depicts the child sitting on a chair wearing only a T-shirt with her legs spread. The child's genitals are clearly displayed in the image.

    7. Winona Police Officer Sobotta reviewed the email account and determined it was established by Alec Tafolla. This was later confirmed by Tafolla himself. Light recognized Tafolla as an adult male friend of Zauner's. Light believed Zauner accepted a ride from Tafolla from New York to Winona, Minnesota, and traveled with him on previous occasions.

    8. Later on October 6, 2010, Winona Police Investigator Andy Mohan discovered Zauner, her daughters and Tafolla staying at a hotel in Winona, Minnesota. Tafolla agreed to be interviewed by Mohan at which time Tafolla admitted that he met Zauner in Las Vegas and had given Zauner and her daughters a ride from Las Vegas to New York. Zauner later asked Tafolla to give Zauner and her daughters a ride from New York to Winona, Minnesota.

9. Tafolla was asked about his knowledge of sexually explicit pictures being taken of Zauner's daughters. Tafolla said that Zauner sent approximately three photographs of her daughters from her cellular telephone to his cellular telephone. Tafolla downloaded the images from his cellular telephone to his home computer because the images would not open on his cellular telephone. Tafolla believes the photographs were all taken within the past month at Light's residence in Winona, Winona County, Minnesota.

10. Tafolla described one of the photographs he received as depicting Zauner's two-year-old daughter seated in a car seat wearing only a T-shirt. Another photograph depicted the two-year-old child in a seat and a third photograph depicted Zauner's then-six-year-old daughter trying on fishnet stockings. Tafolla told Investigator Mohan that he believed the girls were just having fun playing dress up.

11. Zauner was then asked about the photograph discovered on Light's computer. This image depicted Zauner's then-six-year-old daughter sitting on a chair exposing her vagina. Zauner admitted taking that and other photographs of her daughters with her cellular telephone and sending the images to Tafolla. Zauner said the images were for her and Tafolla only and were not to be viewed by anyone else. Zauner claimed her daughters have fun taking the pictures.

12. On October 8, 2010, during a follow-up interview initiated by Zauner, Zauner admitted to taking the sexually explicit photographs of her daughters at Light's residence using her cellular telephone. Zauner turned over to the police her pink Samsung cellular telephone which she used to take the photographs. Zauner gave Investigator Mohan permission to view the contents of her cellular telephone. Investigator Mohan noticed an "SD" memory card in the phone and asked Zauner if he could view the contents of card. Zauner gave Investigator Mohan permission to view the contents of the memory card.

13. Investigator Mohan reviewed the contents of the SD card and discovered additional photographs of Zauner's daughters exposing their genitalia. When Zauner was confronted about these images she stated that she should have erased those images the day before.

14. Zauner further explained that when she was residing in Las Vegas she in an abusive relationship. Zauner put an ad on Craigslist asking for a ride from Las Vegas to New York. Zauner planned to move in with her parents in New York. Tafolla answered the ad and Tafolla, Zauner and her two daughters traveled from Las Vegas to New York sometime in August 2010.

15. According to Zauner, on the drive from Las Vegas to New York Tafolla disclosed to Zauner that he had deviant sexual desires involving children. Tafolla said that he regularly viewed child

pornography. Tafolla said that his ex-fiance would allow her five-year-old daughter to rub her vagina on his penis. Upon arriving in New York, Tafolla dropped off Zauner and her daughters and left the area.

16. Approximately three weeks later, Zauner decided to move from New York to Light's residence in Winona, Minnesota. Zauner contacted Tafolla for a ride. Tafolla agreed to transport Zauner, but, in exchange for the ride, Tafolla asked Zauner to take photographs of her daughters bending over and exposing their vaginas.

17. Zauner said that she first took photographs of her daughters on September 7, 2010 while staying in a motel room in Delaware. Tafolla was at his residence in Delaware during this same time. Zauner stated she sent the pictures to Tafolla's cellular telephone. In return, Tafolla sent Zauner pictures of himself masturbating to the pictures on a computer screen. Approximately two days later, Tafolla drove Zauner and her daughters to Light's residence in Winona, Minnesota.

18. Approximately one month later, when Zauner wanted to leave Light's residence, she again called on Tafolla. Again Tafolla asked for sexually explicit pictures of Zauner's daughters in exchange for a ride. Tafolla specifically told Zauner to "spread the lips and take a picture." Winona Investigators showed Zauner a photograph of an adult woman displaying her bare breast and

holding a naked child. The child's genitalia is exposed in the photograph. Zauner identified the adult depicted as her and the child as her youngest daughter.

19. Zauner admitted to Investigator Mohan that she photographed her daughters using her cellular telephone at Light's residence in Winona, Minnesota. Zauner said that Tafolla would request these photographs through telephone calls or text messages. Zauner said she sent these photographs to Tafolla for his viewing and denied posting any of the pictures on the internet.

20. With Zauner's permission, Winona Police Investigator Angela Evans conducted a forensic examination of Zauner's Samsung cellular telephone. Investigator Evans discovered 23 images of child pornography, that is, the lascivious exhibition of the genitals of Zauner's two minor children, on the SD memory card from Zauner's cellular telephone. Investigator Evans was not able to retrieve any images or text messages from the internal cell phone memory.

21. Your affiant has reviewed several of the images recovered from the SD memory card from Zauner's cellular telephone. The following are descriptions of four of the images that were discussed during the interviews of Zauner:

   a. File0068.jpg depicts a prepubescent female child sitting on a chair with her legs spread apart exposing her vaginal area.

b.  File00121.jpg depicts a prepubescent female child wearing only in a pink shirt. The child's vaginal area is exposed by two adult hands spreading the labia apart.

c.  File00206.jpg depicts a prepubescent female child sitting on what appears to be a child's booster seat. The child is wearing only a purple, floral sweatshirt. The child's legs are pulled up and spread apart, exposing her vaginal area.

d.  File00221.jpg depicts an adult female exposed from the waist up, holding a prepubescent female child. The child is being held so that her vaginal and buttocks areas are exposed to the camera.

22. I also viewed the image that was identified by Winona Police Investigators as the image Light discovered on his computer. That image is described as File0265.jpg which depicts a prepubescent female child sitting in a chair with a pacifier in her mouth. The child is wearing only in a shirt and socks. Her legs are drawn up and spread apart, exposing her vaginal area and anal area.

23. Finally, your affiant reviewed recorded telephone calls made by Zauner while incarcerated at the Winona County Detention Center. The first telephone call is from Zauner to an unidentified female. Zauner said she did something very stupid and that the police found naked pictures of her daughters on her phone. Zauner claimed that Tafolla made her do it.

8

24. Based on my training and experience, your affiant knows that no Apple iPhone cellular telephones are manufactured in Minnesota; therefore, the Apple iPhone cellular telephone used by Tafolla to receive from Zauner the sexually explicit images of the minor children traveled in interstate commerce. In addition, your affiant knows that no Apple Macintosh computers are manufactured in Minnesota; therefore, Light's computer on which Tafolla received and viewed the sexually explicit images of the minor children traveled in interstate commerce.

25. Based on these facts, your affiant has reason to believe that on or about October 6, 2010, in Winona, Minnesota, the defendant, Alec James Tafolla, received a visual depiction that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, where the production of such image involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct, in violation of Title 18, United States Code, Section 2252(a)(2).

Further Your Affiant Sayeth Not.

_____
Richard T. Holden, Special Agent
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me this _15_ day of December, 2010.

_____
The Honorable Jeffrey J. Keyes
United States Magistrate Judge